1
2
3
4
5
6
7
8                      UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    CAMERON MICHAEL WELCH,              No.  2:21-cv-2344 AC P

12              Plaintiff,

13         v.                             ORDER

14    WELLPATH DIRECTOR, et al.,

15              Defendants.

16

17         Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. §

18   1983.  Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

19   This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

20   For the reasons stated below, plaintiff's motion to proceed in forma pauperis will be granted and

21   he will be given an opportunity to amend the complaint.

22         I.    APPLICATION TO PROCEED IN FORMA PAUPERIS

23         Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §

24   1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

25         Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

26   1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

27   accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

28   the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

II.   <u>SCREENING REQUIREMENT</u>

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  <u>See</u> 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. § 1915A(b)(1) & (2).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989) (brackets added); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" <u>Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th Cir. 1989) (brackets added) (quoting <u>Neitzke</u>, 490 U.S. at 327), <u>superseded by statute on other grounds as stated in</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  <u>Franklin</u>, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (alteration in original) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." <u>Wilhelm v. Rotman</u>, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure

to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (brackets added) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, see, e.g., Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, see Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

III.   THE COMPLAINT

At all times relevant to this action, plaintiff was a pretrial detainee housed at Yuba County Jail in Marysville, California. Plaintiff proceeds against the Director of Wellpath[1] and against Yuba County Jail employees Dr. Aponte, Dr. Kune, and Registered Nurse (RN) Maria Malasan. Plaintiff seeks damages.

Plaintiff alleges that between September and November 2021, the defendants failed to treat his injured right knee. Plaintiff repeatedly asked the jail's nurses and doctors for an MRI, and even filed several grievances, but he was only prescribed 8 doses of Tylenol per week. In one instance, plaintiff did not even receive this pain medication for an entire week. Allegedly, Dr. Aponte tried to get approval from the Wellpath Director for an MRI, but these requests were denied pursuant to an unspecified policy. Plaintiff claims that Dr. Aponte and Dr. Kune "under

---

[1] Liberally construing plaintiff's allegations, Wellpath contracts to provide healthcare operations within the jail.

1   Wellpath guidance and rules have failed to ensure medical care was provided to me."  RN

2   Malasan was "negligent" because she observed an "obvious need for serious medical care."

3          When plaintiff did finally get an MRI of his knee, it showed a torn meniscus with a

4   significant amount of missing cartilage and other damage.  A doctor with Sutter Buttes Imaging

5   recommended physical therapy and surgery, but these recommendations have been denied, and

6   plaintiff's pain medication remains unaltered.  Plaintiff claims that he now suffers hip pain and

7   that the muscles in his right leg have atrophied.

8          IV.   <u>FAILURE TO STATE A CLAIM</u>

9           "[C]laims for violations of the right to adequate medical care brought by pretrial

10  detainees against individual defendants under the Fourteenth Amendment must be evaluated

11  under an objective deliberate indifference standard."  <u>Gordon v. County of Orange</u>, 888 F.3d

12  1118, 1124–25 (9th Cir. 2018).  The elements of a pretrial detainee's medical care claim are: (1)

13  the defendant made an intentional decision with respect to the conditions under which the

14  plaintiff was confined; (2) those conditions put the plaintiff at substantial risk of suffering serious

15  harm; (3) the defendant did not take reasonable available measures to abate that risk, even though

16  a reasonable official in the circumstances would have appreciated the high degree of risk

17  involved—making the consequences of the defendant's conduct obvious; and (4) by not taking

18  such measures, the defendant caused the plaintiff's injuries.  <u>Id.</u> at 1125.  "The mere lack of due

19  care by a state official does not deprive an individual of life, liberty, or property under the

20  Fourteenth Amendment."  <u>Id.</u> (quotation marks and citation omitted).  "Thus, the plaintiff must

21  prove more than negligence but less than subjective intent—something akin to reckless

22  disregard."  <u>Id.</u> (quotation marks and citation omitted).

23         Plaintiff's conclusory allegations fail to state a Fourteenth Amendment claim for

24  inadequate medical care, rendering it impossible for the Court to determine what role the

25  defendants played in denying medical care or their reasons for their actions.  Plaintiff does not

26  provide any context to frame this claim, such as with whom he spoke, what he said to them, or

27  how they responded.  It is also unclear what policy underlies the denials of his and Dr. Aponte's

28  ////

1  requests for an MRI, as well as the denials related to physical therapy and surgery.  Without such

2  information, this claim cannot proceed.

3  V.    LEAVE TO AMEND

4  For the reasons set forth above, the court finds that the complaint does not state any

5  cognizable claims.  However, it appears that plaintiff may be able to allege facts to remedy this

6  and he will be given the opportunity to amend the complaint if he desires.

7  If plaintiff chooses to file a first amended complaint, he must demonstrate how the

8  conditions about which he complains resulted in a deprivation of his constitutional rights.  Rizzo

9  v. Goode, 423 U.S. 362, 370-71 (1976).  Also, the complaint must allege in specific terms how

10  each named defendant is involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th

11  Cir. 1981).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link

12  or connection between a defendant's actions and the claimed deprivation.  Id.; Johnson v. Duffy,

13  588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official

14  participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266,

15  268 (9th Cir. 1982) (citations omitted).

16  Plaintiff is also informed that the court cannot refer to a prior pleading in order to make

17  his first amended complaint complete.  Local Rule 220 requires that an amended complaint be

18  complete in itself without reference to any prior pleading.  This is because, as a general rule, an

19  amended complaint supersedes the original complaint.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.

20  1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th

21  Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled

22  in subsequent amended complaint to preserve appeal).  Once plaintiff files a first amended

23  complaint, the original complaint no longer serves any function in the case.  Therefore, in an

24  amended complaint, as in an original complaint, each claim and the involvement of each

25  defendant must be sufficiently alleged.

26  VI.    PLAIN LANGUAGE SUMMARY OF THIS ORDER FOR A PRO SE LITIGANT

27  Your request to proceed in forma pauperis is granted and you are not required to pay the

28  entire filing fee immediately.  You are being given leave to amend because the facts you have

5

alleged in the complaint are not enough to state a claim for relief.  To state a claim for deliberate indifference, you must allege facts showing that each defendant was aware of a risk to your health and safety and ignored that risk.  To show a constitutional violation, a plaintiff must show more than negligence on the part of defendants.  Rather, he must show that defendants took actions in deliberate indifference to the serious health consequences to plaintiff.

If you choose to amend your complaint, the first amended complaint must include all the claims you want to make because the court will not look at the claims or information in the original complaint.  **Any claims and information not in the first amended complaint will not be considered.**

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's requests for leave to proceed in forma pauperis, ECF No. 2, are GRANTED.

2.  Plaintiff's motion for an extension of time and assistance to submit a trust account statement (ECF No. 7) is denied as moot as the statement has been filed.

3.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

4.  Plaintiff's complaint fails to state a claim upon which relief may be granted, see 28 U.S.C. § 1915A, and will not be served.

5.  Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint."  Plaintiff must file an original and two copies of the amended complaint.  Failure to file an amended complaint in accordance with this order will result in in a recommendation that this action be dismissed.

////

////

1         6.  The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint

2  form used in this district.

3  DATED: December 15, 2022

4                                              ALLISON CLAIRE

5                                            UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28